UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DANIEL CORREIA, No. 11-10984

                    Debtor(s).
_____/

Memorandum on Objection to Claim
_____

      On August 17, 2005, debtor Daniel Correia borrowed $481,525.00 from Northern Pacific Mortgage Corporation secured by a deed of trust to his residence at 2055 Autumn Walk Drive, Santa Rosa, California. Northern Pacific Mortgage transferred the note to American Home Mortgage. American Home Mortgage transferred the note to U.S. Bank, which filed a proof of claim in this case. Correia objects to the claim, on grounds that the note is not negotiable.

      The note is a Fannie Mae Uniform Instrument Adjustable Rate Residential Mortgage Note. Relying on two ancient California cases, Correia argues that under these cases the note is not a negotiable instrument because it does not contain an unconditional promise to pay. Since the note is not negotiable, Correia argues, "the court should find that Bank has no legal or contractual right or interest in this loan and has committed fraud upon this court."

      The court begins by noting that almost all notes secured by real property in California are negotiable. 4 **California Real Estate Law and Practice,** Secured Transactions § 110.01, p. 110-4. The issue was subject to debate early in the last century. See Anno., "Negotiability of Note as

1

Affected by Provision Therein, or in Mortgage Securing the Same for Payments of Taxes, Assessments or Insurance," 45 A.L.R. 1074 (1926). However, all modern cases the court can find reject the argument that such provisions in a mortgage destroy negotiability of the note. See, e.g., *In re Apponline.Com, Inc.,* 321 B.R. 614 (E.D.N.Y. 2003), aff'd 128 Fed.Appx. 171 (2nd Cir. 2004).

Modern California law provides that notes secured by real property are not rendered non-negotiable because they provide for a variable rate of interest. Cal.Com. Code § 3104(a). "This language, added during the 1990 revisions, embraces variable rate notes." 2 White & Summers, **Uniform Commercial Code (5th Ed.)**, § 17-4, p. 176. Nor are they rendered non-negotiable due to reference to a deed of trust for a statement of rights with respect to collateral, prepayment or acceleration. Cal.Com. Code § 3106(b); *Witty v. Clinch,* 207 Cal. 779, 785 (1929); *Hayward Lumber 7 Inv. Co. v. Naslund,* 125 Cal.App. 34, 40 (1932).[1]

However, even if the note here was not negotiable, Correia does not explain how this entitles him to have the claim disallowed. The hoary case Correia relies upon, *Central Savings Bank of Oakland v, Coulter*, 72 Cal.App. 78 (1925), held that a note maker was liable on his note. The note maker had defended on the grounds that the note was a negotiable instrument and could not be enforceable against him. Both the trial court and the appellate court rejected his argument and held him liable on the note. Correia has not cited any case where the maker of a note has escaped liability by a finding that his note was not negotiable. A note is transferred when it is delivered by a person other than its issuer for the purpose of giving to the recipient the right to enforce it. 4 **California Real Estate Law and Practice,** Secured Transactions § 110.30. "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee, the transferor's right to enforce the instrument . . . ." **Id.** If the note were non-negotiable, that might give Correia the right to raise any defenses to enforcement that he had against the original lender, but he has not raised any such defenses. His

---

[1]*Witty* and *Hayward Lumber* were decided under old Civil Code § 3265, which was replaced by Com. Code § 3104.

assertion that non-negotiability by itself constitutes a bar to enforcement of the note makes no sense to the court.

For the foregoing reasons, the court finds that the note is negotiable. Further, the court finds that even if the note were non-negotiable U.S. Bank would still have an allowable claim. The court will accordingly overrule Correia's objection. Counsel for U.S. Bank shall submit an appropriate form of order.

Dated: March 8, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge